NOTICE

Decision filed 05/21/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250325-U

NO. 5-25-0325

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 24-CF-575 |
| | ) | |
| CORTENY T. JOHNSON, | ) | Honorable |
| | ) | Lindsey A. Shelton, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Boie and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in denying the defendant's motion for order *nunc pro tunc*, because the defendant is not entitled to the additional sentencing credit he seeks. Because no argument to the contrary would have arguable merit, appellate counsel is granted leave to withdraw, and the judgment is affirmed.

¶ 2    The defendant, Corteny T. Johnson, is serving a sentence of 13 years in the Illinois Department of Corrections (IDOC), following his plea of guilty to the offense of arson. He appeals the judgment of the circuit court of Macon County that denied his *pro se* motion for order *nunc pro tunc*. The Office of the State Appellate Defender (OSAD) was appointed as the defendant's appellate counsel. OSAD has concluded that this appeal lacks arguable merit and, on that basis, has filed a motion for leave to withdraw as counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a supporting memorandum of law. OSAD properly served the

1

defendant with notice. This court gave the defendant the opportunity to file a response to OSAD's motion. The defendant has not filed a response. Having considered OSAD's *Finley* motion and memorandum, and the entire record on appeal, this court agrees with OSAD's assessment. We therefore grant OSAD's motion to withdraw, and we affirm the judgment of the circuit court of Macon County.

¶ 3                                       I. BACKGROUND

¶ 4        On April 3, 2024, the defendant was charged by information with two felony offenses. Count I of the information alleged that on or about April 2, 2024, the defendant committed the offense of attempt (first degree murder), a Class X felony. Count I further alleged that the defendant, with the intent to commit the offense of first degree murder, in violation of section 9-1(a)(1) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/9-1(a)(1) (West 2022)), "performed a substantial step toward the commission of that offense, in that without lawful justification and with the intent to kill, Bobbie I. Atwood," the defendant "set fire to the residential building located at 658 E. Wood St., Decatur, Illinois, at a time he knew or had reason to believe, Bobbie I. Atwood was present therein." Count II alleged that on or about April 2, 2024, the defendant committed the offense of aggravated arson, a Class X felony, in violation of section 20-1.1 of the Criminal Code (720 ILCS 5/20-1.1 (West 2022)). Count II further alleged that the defendant, "while committing an arson, by means of fire, knowingly[ ] partially damaged a building of another, being a multiple-family residence located at 658 E. Wood St., Decatur, Macon County, Illinois, knowing or reasonably should have known that one or more persons were present therein."

¶ 5        On April 10, 2024, the defendant's appointed counsel filed a motion to determine the defendant's fitness to stand trial. Therein, counsel stated that she believed there was "a *bona fide*

issue concerning the defendant's fitness to stand trial," and that she suspected the defendant, as a result of a mental condition, was unable to understand the nature and purpose of the proceedings against him, or to assist in his defense. Also on April 10, 2024, the trial court appointed Dr. Rohan Patil to evaluate the defendant to determine his fitness to stand trial. On June 12, 2024, Dr. Patil filed an evaluation report in which he stated that he examined the defendant on May 14, 2024, and in which he stated that he determined the defendant was fit to stand trial.

¶ 6     On November 25, 2024, the trial court made a record sheet entry[1] that indicated that the parties were present, and that the State had moved "to amend [c]ount II to reflect [a]rson, a class 2 felony." The entry indicated that the trial court had granted the motion, and that pursuant to a plea agreement, the defendant would plead guilty to amended count II, with all other charges to be "dismissed and stricken." The record sheet entry stated that a written jury trial waiver had been filed, and that the trial court had examined the defendant in open court and had found the plea to be "knowingly, voluntarily and intelligently made." The entry stated that a factual basis for the plea existed, and that the trial court accepted the plea and entered judgment on the plea and for costs. The entry further stated that the parties waived a presentence investigation, and that the trial court had reviewed the defendant's pretrial bond report to ascertain the defendant's criminal history. The entry stated that the trial court concurred "in the negotiations" of the parties, and sentenced the defendant "to 13 years in the Illinois Department of Corrections to be followed by [an] 18-month period of [m]andatory [s]upervised [r]elease," and to be served at 50%. The entry further stated that the defendant was subject to Class X sentencing, was "to be given credit for time previously served in custody from April 2, 2024, to November 24, 2024," was "to register as

---

[1]The record on appeal does not contain a transcript of the proceedings that took place on November 25, 2024, or any other transcripts from proceedings in this case.

an "[a]rsonist," and was to "pay all fines, fees, costs and assessments as set out in" a financial sentencing order that was to be filed thereafter. The entry stated in conclusion that the defendant was "admonished as to the right to appeal pursuant to Supreme Court Rule 605(c)." Also on November 25, 2024, a mittimus was filed, which was consistent with the written record sheet entry and which specifically provided that the defendant was entitled to 237 days of presentence custody credit, which encompassed the dates of April 2, 2024, to November 24, 2024.

¶ 7 On March 19, 2025, the defendant filed a *pro se* motion for order *nunc pro tunc* wherein the defendant claimed that he was entitled to additional presentence custody credit. He asserted that pursuant to statute, he was entitled to a total of 474 days of credit, which we note is twice as much credit as the trial court gave him on the mittimus. He asked the trial court to correct the mittimus to give him "credit for 474 days spent in the Macon County Jail prior to sentencing."

¶ 8 On March 20, 2025, the trial court made a record sheet entry wherein it indicated that it had reviewed the record along with the defendant's motion, and that it found the mittimus was accurate. Accordingly, the trial court denied the defendant's motion. On April 11, 2025, the defendant filed a motion to reconsider, in which he claimed the mittimus was not accurate because it did "not reflect the 237 days of county jail time or day for day time from those days." On April 14, 2025, the trial court denied the defendant's motion to reconsider. This timely appeal followed.

¶ 9 II. ANALYSIS

¶ 10 As noted previously, OSAD has filed a *Finley* motion to withdraw as counsel. In the legal memorandum that accompanies the motion, OSAD raises one potential issue: whether the defendant is entitled to additional credit for time served in presentence custody in the county jail. OSAD concludes the defendant is not. For the reasons that follow, we agree.

4

¶ 11  Pursuant to section 5-4.5-100(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-100(a) (West 2022)), the sentence for a person convicted of a crime in Illinois begins "on the date on which the offender is received by [IDOC] or the institution at which the sentence is to be served." Pursuant to section 5-4.5-100(b) of the Unified Code, a convicted person is entitled to credit for time served in presentence custody, with the amount of said credit to be calculated "at the rate specified in [s]ection 3-6-3" of the Unified Code. 730 ILCS 5/5-4.5-100(b) (West 2022). Of relevance to this appeal, section 3-6-3(a)(2.1) states that a convicted person serving a sentence for an offense such as arson "shall receive one day of sentence credit for each day of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2.1) (West 2022). The question of whether a mittimus is correct, or must be modified, is a purely legal question that is reviewed *de novo*. See, *e.g.*, *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 86.

¶ 12  In this case, the defendant argued in the trial court that pursuant to the above statutory provisions, he was entitled to 474, rather than 237, days of presentence custody credit. He did not explain how he calculated the 474 days of credit to which he believed he was entitled, other than to argue, in his motion to reconsider, that the mittimus was not accurate because it did "not reflect the 237 days of county jail time or day for day time from those days." From this argument, OSAD concludes the defendant believes he is entitled to what is commonly known as "day-for-day good-conduct credit." See, *e.g.*, *People v. Lindsey*, 199 Ill. 2d 460, 477-78 (2002). However, such credit applies only to inmates in IDOC, and does not start to accrue until a convicted person "begins to serve the prison sentence." *Lindsey*, 199 Ill. 2d at 478; *Johnson v. Department of Corrections*, 368 Ill. App. 3d 147, 151 (2006). Therefore, such credit does not apply to presentence custody in a county jail. *Lindsey*, 199 Ill. 2d at 478-79; *Pitts v. Kolitwenzew*, 2020 IL App (3d) 190267, ¶ 25 (Unified Code provisions apply only to inmates of IDOC, not to persons confined to a county

5

facility). The defendant does not put forward any other argument that would entitle him to the sentencing credit he seeks, and this court is aware of no such argument. Accordingly, our *de novo* review of the defendant's mittimus argument leads us to the same conclusion as that reached by the trial court: that the mittimus is correct, and is not subject to modification. We therefore find the trial court did not err when it rendered its judgment.

¶ 13                                   III. CONCLUSION

¶ 14     This court's examination of the entire record establishes that this appeal does not present any issues of arguable merit. Therefore, the motion of appointed counsel to withdraw is granted, and the judgment of the circuit court of Macon County is affirmed.


¶ 15     Motion granted; judgment affirmed.